2023 IL App (1st) 231808-U

No. 1-23-1808B

Order filed December 15, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 23 CR 6501 |
| | ) | |
| AVANTE ROGERS, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio III concurred in the judgment.

**ORDER**

¶ 1       *Held*:   The State had the statutory authority to petition to revoke defendant's previously set monetary bond where its petition was filed in response to defendant's petition to remove conditions. The circuit court's order detaining the defendant was not an abuse of discretion where the State met its burden when it proved by clear and convincing evidence that the proof was evident, and the presumption great, that defendant committed arson and that he poses a real and present threat to the safety of an identifiable person or persons.

¶ 2       Defendant Avante Rogers appeals the circuit court's order denying pretrial release, pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). Rogers was arrested and charged prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as

the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] For the following reasons, we affirm.

I. BACKGROUND

Rogers was charged with one count of the Class 2 forcible felony of arson that damages any real or personal property of another worth $150 or more. 720 ILCS 5/20-1(a)(1), (c) (West 2022). He was ordered held on a $45,000 D bond but was unable to post the requisite $4500 and remained in custody.[2]

Pursuant to sections 5/110-2 and 5/110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-2, 110-6.1 (West 2022)), the State filed a verified petition to deny pretrial release on September 29, 2023, 11 days after the Act became effective. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay of pretrial release provisions and setting an effective date of Sept. 18, 2023); Pub. Acts 101-652, § 10-255, 102- 1104, § 70 (eff. Jan. 1, 2023). The petition alleged that Rogers committed an eligible offense as listed in Section 5/110-6.1(a)(1.5) of the Code in that he "is charged with Arson. *** Video shows Defendant breaking car window and placing flaming item inside." The State further asserted that Rogers posed "a real and present threat to the safety of any person or persons in the community." Specifically, the State relayed that:

> "Defendant poses a real and present threat to the victim's safety. Defendant had
> been harassing and stalking victim for approximately 7 months since their brief dating
> relationship ended. Victim installed cameras outside her home due to prior incidents of
> stalking. Victim's car windows had been smashed twice between the time she ended the

---

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

[2]While the record does not contain the date of Rogers's arrest, it does indicate that he was in custody on June 30, 2023.

dating relationship with defendant and the time of this incident. Defendant made post-Miranda admissions to breaking Victim's car window on the date of this incident."

¶ 6    The court conducted a hearing on the petition that same day. Defense counsel noted that she had filed a "Petition to Remove the Conditions of Cash Bond for Release," but the court proceeded with the State's petition first. Defense counsel did not object. The State proceeded by proffer, arguing that the proof is evident, or the presumption great that Rogers committed the forcible felony of arson in that:

"the defendant and the victim had a brief dating relationship that ended in October of 2022. So on the date of April 25th of 2023 around 12:30 in the morning, the defendant went to the area of the victim's residence in Chicago, Cook County, Illinois.

The victim's car was parked outside. The defendant *** struck the back window of the victim's car[,] breaking that window.

The defendant left and returned with an object that was on fire. He took that object and placed it in the car through the broken window, which ignited the interior of the vehicle, and set it ablaze. And the defendant left the scene.

This was recorded on video cameras that the victim had installed based on previous incidents involving the defendant stalking and harassing her in the seven months since the relationship ended. The victim's car windows had been broken on two previous occasions.

Additionally, the victim had other incidents of the defendant making unwanted behaviors. The defendant was placed under arrest and made a post Miranda statement in summary that he admitted breaking the back window of the victim's vehicle. He did not admit to setting the car on fire but did admit to breaking the window.

The defendant stated he remained on scene and could hear the sirens and fire trucks. He stated he felt momentary satisfaction from the act but nothing permanent, and defendant stated that he honestly didn't think he would get caught."

The State further argued that Rogers poses a real and present threat to the victim and indicated "there was a pattern of behavior because the defendant would not accept that the relationship was over." The State noted that there was an active order of protection (OP) in place against Rogers and that it was Rogers's first arrest.

¶ 7   Defense counsel argued the petition should be denied and requested that Rogers—a 22-year-old high school graduate who worked two jobs prior to his arrest and aspires to become a carpenter—instead be released on electronic monitoring (EM). While acknowledging the seriousness of arson, defense counsel countered that this incident is probationable and "isn't like an arson of a home where there is [*sic*] potentially people present. There were no people in the area, any risk to the victim o[r] public safety." Counsel further argued that the video of the incident does not show the individual's face and that there is "actually no evidence that Mr. Rogers is the one that set the fire other than speculation of the complaining witness." The State responded that while the offender's face is not visible on the video, the victim recognized the hoodie the offender was wearing and was familiar with Rogers's body size, appearance, and clothing. It was unclear if the OP had been served as of the date of the instant incident, but it was granted based on a previous incident where Rogers had damaged both the victim's car and the victim's brother's car, and thrown a brick through the window of the victim's residence.

¶ 8   The court granted the State's motion for pretrial detention, finding the proof evident and the presumption great that Rogers committed the offense and that he posed a real and present threat to the safety of any persons, specifically the victim, but also anyone else who may be involved in the victim's life. The court's written order detailed: (1) "the proof is evident or the presumption

4

great that the defendant has committed an eligible offense *** Arson"; (2) Rogers poses a real and present threat to the safety of any person or persons or the community, as "defendant had been harassing and stalking the C.W., a person defendant had been dating previously, defendant broke the window of her car and burnt her car;" and (3) that no less restrictive conditions can mitigate the real and present threat because "defendant's ongoing conduct has not stopped and even escalated." On October 2, 2023 Rogers filed a timely notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, Rogers argues the trial court committed plain error when it heard and subsequently granted the State's petition to detain him. Alternatively, Rogers alleges that the circuit court erred in finding that the State proved, by clear and convincing evidence, that he committed arson, that he was a threat to the safety of any person or persons or the community, and that there were no lesser conditions that could mitigate that threat.

¶ 11        The State counters that there was no "plain error" where it properly presented its petition simultaneously with Rogers's petition for pretrial release. The State contends that the trial court did not abuse its discretion in denying Rogers pretrial release where the State proved by clear and convincing evidence that Rogers committed a qualifying offense under the Act, that he posed a real and present threat to the safety of the victim (and those surrounding her), and that there are no condition or conditions sufficient to mitigate that threat.

¶ 12        In considering this appeal, this court has reviewed the following documents which Rogers and the State have submitted under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023): (1) Rogers's notice of appeal pursuant to the Act, (2) the supporting record, (3) Rogers's supporting memorandum, and (4) the State's response to Rogers's memorandum.

¶ 13                              A. State's Verified Petition

¶ 14      Rogers first argues that the Act does not permit the State to file a petition to deny pretrial release where a defendant is unable to meet a previously ordered monetary bond. As the state was not permitted to file its petition, Rogers claims the trial court erred by considering and granting the State's petition. The State contends that once a defendant subject to Section 5/110-7.5 of the Code exercises their right to a hearing under the Act, the entirety of the Act applies—including the State's ability to file a detention petition. Rogers neither objected to the State's petition at the time the State filed it, nor did he raise the issue in his notice of appeal. Instead, he requests we review this issue for plain error.

¶ 15      Under certain circumstances, the plain error doctrine permits review of an otherwise forfeited claim of error. *People v. Sebby*, 2017 IL 119445, ¶ 48; *People v. Johnson*, 238 Ill. 2d 478, 484 (2010). The doctrine allows this court to address clear and obvious errors that were unpreserved at the trial level. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). A defendant must show either that (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Reese*, 2017 IL 120011, ¶ 60. A court's misapplication of the law amounts to plain error if it affects a defendant's fundamental right to liberty. *People v. Smith*, 2016 IL App (1st) 140496, ¶ 15. The defendant has the burden of persuasion under both prongs of the plain error doctrine. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). The first step in our analysis is to determine whether there was any error. *Piatkowski*, 225 Ill. 2d at 565. Absent any clear or obvious error, there can be no plain error and the defendant's forfeiture will be honored. *People v. Naylor*, 229 Ill. 2d 584, 602 (2008); *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 16    The issue Rogers raises was recently addressed in *People v. Jones*, 2023 IL App (4th) 230837. See also *People v. Gray* 2023 IL App (3d) 230435; *People v. Eccles*, 2023 IL App (4th) 230840-U. On appeal, the defendant in *Jones* claimed the Act does not allow the State to file a responsive verified detention petition in cases where a defendant remains in custody after having been ordered released on the condition of depositing security. 2023 IL App (4th) 230837, ¶¶ 1, 12. Similar to this case, Jones filed a motion for pretrial release prior to the State's filing of its petition to deny pretrial release. *Id*. ¶ 4. The *Jones* panel held that:

"Based on [the] plain language [of 725 ILCS 5/110-6(i)], the Code does not require the State to file all its petitions within 21 days of a case's commencement. Section 110-6(g) allows for the increase of pretrial release conditions after a hearing. 725 ILCS 5/110-6(g) (West 2022). For defendants arrested and detained before the Act's effective date who remained in detention after being granted pretrial release on the condition that they pay monetary bail, a motion to deny pretrial release following the Act's implementation operates as a motion to increase the pretrial release conditions to the furthest extent. The Code, as amended by the Act, allows the State to seek to modify pretrial release conditions, which includes filing a responding petition where the defendant moves for pretrial release. See 725 ILCS 5/110-6(g), (i), 110-6.1(a) (West 2022); see also *In re D.W.*, 214 Ill. 2d 289, 316, 827 N.E.2d 466, 484 (2005) (finding it is 'a fundamental requirement of due process *** that a respondent be afforded the opportunity to be heard at a meaningful time and in a meaningful manner'); *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ('The core of due process is the right to notice and a meaningful opportunity to be heard.')." *Id*. ¶ 17.

¶ 17    The court further found that "the State's responding petition functions as a motion to increase the conditions of pretrial release following the Act's implementation. See 725 ILCS

5/110-6(g) (West 2022). Thus, the State's petition was not barred by the restrictions contained in section 110-6.1(c)(1). See 725 ILCS 5/110-6.1(c)(1) (West 2022)." *Id*. ¶ 20.

¶ 18   We note, as the panel in *Jones* did, that there has been a divide in this court's decisions regarding the State's authority, or lack thereof, to file petitions seeking to deny defendant's pretrial release pursuant to section 5/110-6 of the Code. See *People v. Gray*, 2023 IL App (3d) 230435 (Code permits the State to file a responding petition in cases where a defendant was arrested and detained prior to the Act's effective date and remained in detention after monetary bail was set); *People v. Whitmore*, 2023 IL App (1st) 231807 (State may petition for the denial of pretrial release of defendants who were ordered released on bond but were still detained when the Act went into effect); *People v. Rios*, 2023 IL App (5th) 230724 (timing requirements in Section 110-6 of the Code are inapplicable to defendants arrested prior to the effective date of the Act who have not been released following their arrest); *People v Vingara*, 2023 IL App (5th) 230698 (same); *People v. Kurzeja*, 2023 IL App (3d) 230434 (State is entitled to file a responding petition once a defendant elects to have their pretrial conditions reviewed anew); *People v. Clark*, 2023 IL App (1st) 231770 (State is prohibited from filing a petition to detain a defendant once the State has previously agreed that the trial court should set bail).

¶ 19   We find the reasoning in *Jones* and *Gray* persuasive and agree that "the Code permits the State to file a responding petition in cases such as the one at issue"—where a defendant was arrested and detained prior to the Act's effective date, remained in detention after monetary bail was set, and filed a petition to remove pretrial conditions pursuant to the Act. *Jones*, 2023 IL App (4th) 230837, ¶ 24. See *People v. Gray*, 2023 IL App (3d) 230435 (finding "the State is permitted to file a responding petition in situations such as this where a defendant (1) was arrested and detained prior to the implementation of the Act, (2) remained in detention after monetary bail was set, and (3) filed a motion seeking to modify pretrial release conditions."). In the instant case, both

Rogers and the State filed petitions pursuant to the Act. The circuit court proceeded on the State's filing first. Despite Rogers's argument that "the trial court incorrectly ignored Defense counsel's request by instead holding a Section 110-6.1 detention hearing and ordering Rogers detained," we find no error in the court addressing the State's petition first. See *People v. Bradford*, 2023 IL App (1st) 231785, ¶ 29 (defendant failed to explain why hearings to set pretrial release conditions and hearings to deny pretrial release are mutually exclusive and cannot be held in tandem, when "efficiency would be best served by proceeding on both matters at the same time."). As we have found the State may file a responding petition, our plain error analysis need go no further. See *Naylor*, 229 Ill. 2d 584, 602 (without error, there can be no plain error).

¶ 20                          B. Trial Court's Pretrial Release Order

¶ 21       Alternatively, Rogers contends the circuit court erred in finding that the State proved by clear and convincing evidence that the presumption is great or the proof is evident that he committed arson, that he was a threat to the safety of any identifiable person or persons or the community, and that there were no lesser conditions that could assure the safety of the victim in this case. The State counters that the trial court did not abuse its discretion in determining that detention was appropriate where it proved by clear and convincing evidence that Rogers committed arson, that he poses a threat to the victim's safety, and that no lesser conditions could mitigate that threat.

¶ 22       We initially note that the parties disagree on the appropriate standard of review. Rogers contends we should review the circuit court's decision to determine if it is against the manifest weight of the evidence. The State argues the applicable standard is abuse of discretion. We agree with the State. Appeals of bail orders under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) have historically been reviewed using an abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10. An abuse of discretion occurs when the circuit court's " 'ruling

9

is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the circuit court.' " *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24 (quoting *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009)); see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8. While Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) provides a new procedure for these types of appeals, "the Act neither mandates nor suggests a different standard of review." *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 23    "A defendant appealing under Rule 604(h) may claim the State failed to fulfill its burden by 'clear and convincing evidence.' See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, we are not reviewing the State's evidence anew." *Id*. Rather, we review the circuit court's evaluation of that evidence for an abuse of discretion, as "a court's decisions regarding whether the State proved by clear and convincing evidence that release conditions would not protect the community is inextricably linked to any decision to grant or deny pretrial release." *People v. Jones*, 2023 IL App (4th) 230837. This court will not substitute our judgment for that of the circuit court merely because we would have analyzed the appropriate factors differently. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 24    Pursuant to the Code, "it is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant shall attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release." 725 ILCS 5/110-2(a) (West 2022). It is the State's burden to prove by clear and convincing evidence that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). Upon such a showing, the trial court may order a defendant detained if the defendant is charged with a qualifying offense and the circuit court concludes the defendant poses a real and present

threat to the safety of any persons or the community. 725 ILCS 5/110-6.1(a)(1-7) (West 2022). If the court finds that detention is not appropriate, it can impose additional conditions as it deems necessary. 725 ILCS 5/110-10(b) (West 2022).

¶ 25                                    1. Proof of the Offense

¶ 26        Rogers specifically argues that the State's proffer of the incident "indicates that Rogers might have damaged the victim's car in the instant case, [but] it has alleged no facts that such damage rose to the level of arson." Additionally, Rogers attacks the State's reliance on the content of the video as proof that he committed the acts, where the "State's entire proffer is based solely on the CW's word [that the individual in the video is Rogers]."[3]

¶ 27        Here, the circuit court heard arguments from both parties and determined that the "proof [of the offense] is evident and the presumption great" that Rogers committed the arson. Specifically, the proffered evidence indicated that a masked individual, in a hoodie, broke the back window of the victim's car. That same individual then returned with an object that was on fire and placed it in the car through the broken window, setting the interior ablaze. The incident was captured on video, although Rogers is correct that the individual's face is indiscernible due to the offender being masked. However, the State proffered that not only was the victim familiar with Rogers and recognized the sweatshirt from the video as one that Rogers frequently wore, but also that Rogers made a post-Mirandized statement admitting he was the offender who broke the car window. As the State's proffer indicates, the video shows the same offender both breaking the window and setting the car on fire. We cannot say the court's finding that the State met its burden in proving by clear and convincing evidence that the proof is evident and the presumption great that Rogers committed the offense of arson to be arbitrary, fanciful or unreasonable. *Inman*, 2023

---

[3]CW means complaining witness.

IL App (4th) 230864, ¶ 10. Nor can we say that no reasonable person would agree with the position adopted by the circuit court. *Id*. Further, as the Act specifically authorizes the State to proceed by way of proffer, we reject Roger's insinuation that the State ought to have presented direct testimony from eyewitnesses to support that he is the offender, rather than relying on the victim's statements. See 725 ILCS 5/110-6.1(f)(2), (5) (West 2022).

¶ 28                                     2. Safety

¶ 29        Rogers next argues the State did not prove that Rogers posed a real and present threat to the safety of the victim, where the record indicates uncertainty regarding whether the victim's previous OP had been properly served upon Rogers. Specifically, he argues that "[i]f Rogers supposedly is such a threat to the CW's safety, then it is inexplicable why the OP's service would not have been prioritized." He further contends that the State alleged no facts that Rogers intended to cause the victim or anyone else harm, and that "the specific and articulable facts of the case demonstrate that Rogers is not a danger to anyone[, b]ecause no one was present when the CW's car was allegedly set on fire, [and] no one was injured." Lastly, Rogers argues a probational offense should not "be considered dangerous enough to warrant pretrial detention." We find Rogers's arguments unpersuasive.

¶ 30        Rogers is charged with arson, which is a detainable offense under the Act. See 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Pursuant to the Code, the circuit court must consider the various factors listed in sections 5/110-6.1(g) and 5/110-6.1(a)(1)-(8) before concluding whether detention is appropriate. 725 ILCS 5/110- 6.1(a)(1)-(8), (g) (West 2022). Per the State's petition and proffer: (1) Rogers had a seven-month history of stalking and harassing the victim in this case, (2) there was an active OP ordered for the protection of the victim, (3) Rogers broke the back window of the victim's car and set it on fire at 12:30 in the morning, (4) he thereafter remained on the scene and heard the sirens and fire trucks, and (5) Rogers further made post-*Miranda* statements

admitting he was the perpetrator who broke the window and stated that he felt momentary satisfaction from the act but nothing permanent, and that he honestly did not think he would get caught.

¶ 31    On appeal, Rogers offers the same arguments he made before the circuit court. We will not reweigh the evidence nor substitute our judgment for that of the circuit court. *Inman*, 2023 IL App (4th) 230864, ¶ 11. The circuit court found that based upon the facts of this case and the proffered evidence that Rogers had been harassing and stalking the victim, a person he had previously briefly dated, Rogers posed a real and present threat to the safety of not only the victim, but those who may interject themselves into her life as well. Rogers is correct that the record before the court does not indicate whether the prior OP had been properly served upon him at the time of the instant offense. Nor does it indicate when the OP was granted. Regardless of this fact, we find his argument disingenuous. There are a myriad of reasons why a person might not be immediately served with an OP and nothing in the record indicates that the victim did not "prioritize" service, nor can Rogers point to support for his conclusion that the lack of immediate service of an OP indicates there is no danger to a victim. Further, he cites no support for the proposition that a defendant cannot be considered a danger to the safety of others if they commit an offense where "no one was injured." As to Roger's argument that a probational offense should not "be considered dangerous enough to warrant pretrial detention," we note the circuit court directly addressed this contention in its findings, and stated that, "[i]t is a probationable case. It's also a case in which the statute of law was detention." Based on the facts of this case, we cannot say that no reasonable person would agree with the court's finding that Rogers posed a real and present threat. *Id.* ¶ 10.

¶ 32                                3. Lesser Conditions

¶ 33    Last, Rogers contends that the State merely presented a conclusory statement that "no condition or combination of conditions set forth under the law can mitigate the risk the defendant

poses to the victim." Because the State failed to attach exhibits or documents to support its assertion, Rogers claims, it could not have met its burden to prove said assertion. The State argues that, given Rogers's increased and escalating violence, it was not unreasonable for the trial court to find that no less restrictive conditions could mitigate the danger Rogers posed. We agree with the State.

¶ 34       As detailed above, the evidence proffered at the hearing indicated that Rogers had participated in a months-long history of staking and harassing the victim, a woman with whom he had a brief relationship. Despite two prior incidences where Rogers had broken the victim's windows (even admitting he was wrong to have done that) and an active OP, Rogers continued to escalate his conduct. Contrary to Rogers's claims, the court did not simply make a conclusory statement that no less restrictive conditions would avoid the danger to the safety of the victim and others. In its written order detaining Rogers, the court noted that no less restrictive conditions can mitigate the real and present threat because "defendant's ongoing conduct has not stopped and even escalated." We cannot say the court's findings were unreasonable or arbitrary or that no reasonable person would agree with the court.

¶ 35                                    III. CONCLUSION

¶ 36       We find that the State appropriately filed a detention petition despite defendant's previously set monetary bond where its petition was filed after defendant's petition to remove conditions. Following a thorough review of the record on appeal, for the reasons stated, we find the court did not abuse its discretion in finding the State met its burden and we therefore affirm the trial court's order detaining Rogers. The mandate in this case shall issue immediately. See *People v. Gil*, 2019 IL App (1st) 192419, ¶ 21.

¶ 37       Affirmed.