2024 IL App (1st) 23-2143-U
Order filed: February 1, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-2143B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22CR11691 |
| | ) | |
| JEROME WATSON, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order denying defendant's pretrial release is affirmed where its findings that defendant committed an eligible offense, posed a real and present threat to the safety of the community, and that no less restrictive conditions could mitigate that threat were not against the manifest weight of the evidence and the decision to detain was not an abuse of discretion.

¶ 2    Defendant, Jerome Watson, appeals from an order granting the State's petition to deny his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] For the following reasons, we affirm.

_____

[1] While commonly known by these names, neither the Illinois Compiled Statutes nor the forgoing public act refer to the Act as the "Safety, Accountability, Fairness and Equity-Today" Act, *i.e.*, SAFE-T

¶ 3     Defendant was arrested on September 19, 2022, and charged with two counts of unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2022)), two counts of aggravated unlawful use of a weapon (AUUW) (*id.* § 24-1.6(a)(1)), and one count of possession of a firearm with a defaced serial number (*id.* § 24-5(b)). On September 20, 2022, the circuit court set defendant's bond at a $100,000-D bond, which required him to post $10,000 and submit to electronic monitoring as conditions of pretrial release. Defendant failed to post the required bond and remained in custody.

¶ 4     On October 11, 2023, defendant filed a petition to remove a financial condition of pretrial release because of his inability to post bond, pursuant to sections 110-5(e) and 110-7.5(b) of the Code. 725 ILCS 5/110-5(e), 7.5(b) (West 2022) (providing for a hearing to review conditions of release for "any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security").

¶ 5     On October 20, 2023, the State filed a verified petition seeking to deny defendant pretrial release pursuant to sections 110-2, 110-6.1(a)(6), and 110-(a)(6.5) of the Code. *Id.* § 110-2, 6.1(a)(6), 6.1(a)(6.5). The State generally alleged that defendant was charged with a detainable offense—UUWF—and that defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and that no less restrictive conditions would avoid that threat. More specifically, the petition alleged: "Defendant was on federal supervised release for a firearms conviction at the time of this offense. On date of offense, officers responded to a person with a gun call. Upon arrival, they observed the

---

Act, or the "Pretrial Fairness Act." See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1. Certain provisions of the legislation in question were amended by Pub. Act 102-1104 (eff. Jan. 1, 2023). See *Rowe*, 2023 IL 129248, ¶ 4. The supreme court initially stayed the implementation of this legislation but vacated that stay effective September 18, 2023. *Id.* ¶ 52.

defendant on scene. The defendant had been threatening people. Officers approached defendant who fled on foot. Defendant had a gun in his hand and while fleeing threw the gun over a fence. Gun was recovered and defendant was apprehended."

¶ 6    On October 26, 2023, the circuit court held a hearing on both petitions. Defense counsel advised the court that defendant had been in custody for over a year. Prior to his arrest, defendant was employed and starting a business. If released, defendant would be able to care for his aging parents.

¶ 7    The State proffered that on September 19, 2022, officers responded to calls of a person with a gun who was threatening people. The officers observed a person on the scene matching the description of defendant. When the officers approached defendant, he began to flee. The officers pursued defendant on foot and saw that he was holding his waistband. As the officers approached defendant, he began to run toward them, and the officers saw a firearm in defendant's hand. The officers observed defendant throw the firearm over a nearby fence. The loaded firearm was found with one round in the chamber and the serial number defaced. The officers placed defendant into custody.

¶ 8    The State further proffered that defendant's criminal background included "a federal case from 2021, unlawful transfer of a firearm where he served 40 months in federal prison, a 2015 escape, a 2007 PSMV, and a 2005 PCS, and a misdemeanor from 2006, a domestic battery, where he got 18 months conditional discharge." Defendant also had nine bond forfeitures and was on federal supervised release for a firearm conviction at the time of the current offense.

¶ 9    Defendant clarified that many of the bond forfeitures were due to defendant being in custody in Indiana.

¶ 10    The circuit court found that the State proved:

"by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed an eligible offense listed in 725 ILCS, [UUWF] and defaced firearm offenses, that the defendant poses a real and present threat to the safety of any person or persons in the community based on the specific articulable facts of the case, to wit, that the defendant allegedly brandished a firearm, threatening various persons, and was ultimately arrested with a firearm.

Three: that no condition or combination of conditions as set forth in 725 ILCS 5/110-10(b) can mitigate the real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case.

"Less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community based on specific articulable facts as the defendant has a long history of prior offenses, including prior crimes of violence and prior gun-related offenses. He also has a prior history of bond forfeiture warrants and allegedly left the State of Illinois and triggered some of those bond forfeiture warrants by being— while on bond in Illinois, went to Indiana and picked up a case there.

*** The State has shown by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed an eligible offense listed in 725 ILCS 5/110-6.1(a)(8) and no condition or combination of conditions set forth can mitigate the defendant's willful flight. Less restrictive conditions would not prevent the defendant's willful flight from prosecution because the defendant has prior multiple bond forfeiture warrants including a detention out of state while a case was pending in Illinois."

¶ 11    The circuit court ordered defendant detained, and a written order reflecting its findings was entered the same day. Defendant timely filed a notice of appeal pursuant to Illinois Supreme Court

Rule 604(h) (eff. Sept. 18, 2023). A supporting record and report of proceedings have been filed with this court, and both defendant and the State have filed a memorandum.

¶ 12    In his notice of appeal under Rule 604(h), defendant, using a form notice of appeal as prescribed by Rule 606(d) (Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023)) contends that "[t]he State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offenses charged," "defendant poses a real and present threat to the safety of any person or persons or the community," and "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community *** or defendant's willful flight." Defendant further contends that "[t]he court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor," and that "the court failed to take into account the factors set forth in 725 ILCS 5/110-5(a)."

¶ 13    In his memorandum, defendant presents an argument that the Act did not permit the State to file a petition to deny his release and even if it did, the petition was untimely. These issues were not included in his notice of appeal. Further, defendant acknowledges that he did not properly raise these issues before the circuit court, but asks us to consider the issues as plain error or ineffective assistance of counsel.

¶ 14    Rule 604(h) governs appeals under the Act and provides that "the Notice of Appeal shall describe the relief requested and the grounds for the relief requested. Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). Rule 606(d) requires a defendant to describe the grounds for the relief requested in detail. Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023); see *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18 (construing the requirements of Rules 604(h) and 606(d)). " 'Although we liberally construe

the contents of the notice of appeal, this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.' " *Id.* (quoting *Estate of Young v. Department of Revenue*, 316 Ill. App. 3d 366, 373 (2000)).

¶ 15 The notice of appeal contains no indication that defendant was challenging the State's authority to file the petition to deny pretrial release or asserting that the petition was untimely. According to *Martin*, a defendant cannot raise additional grounds for relief for the first time in an appellate memorandum and forfeits these issues by the failure to raise them in the notice of appeal. See 2023 IL App (4th) 230826, ¶ 19 (holding that the issues not raised in a Rule 604(h) notice of appeal were "forfeited"); see also *People v. Quiroz*, 2024 IL App (1st) 166477, ¶ 18 (cited as persuasive authority pursuant to Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023)) (finding that defendant "forfeited" arguments not raised in the Rule 604(h) notice of appeal).

¶ 16 However, the State does not claim on appeal that defendant forfeited these issues, and the "rules of waiver and forfeiture are also applicable to the State." *People v. Reed*, 2016 IL App (1st) 140498, ¶ 13. "The State may forfeit a claim of forfeiture by failing to raise it." *People v. Jones*, 2018 IL App (1st) 151307, ¶ 47. In light of the State's failure to raise a forfeiture argument under *Martin*, we will not further discuss it.

¶ 17 We will consider under plain error whether we may excuse defendant's failure to raise these challenges to the State's petition before the circuit court. Under the plain error doctrine, we may review errors that have not been preserved for review where those errors affect substantial rights. See *People v. Cox*, 197 Ill. App. 3d 239, 242 (1990) (invoking the plain error doctrine where defendant alleged a violation of his due process rights during a probation hearing). The plain error doctrine allows us to remedy a "clear and obvious error" in two instances, (1) where the evidence in the case is so closely balanced, the error alone threatened to tip the scales of justice against

defendant, regardless of the seriousness of the error; or (2) where the error was so serious, defendant was denied his substantial rights, thus denied a fair trial. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The burden of persuasion lies with the defendant. *Id.* The first step under either prong is determining whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 18    Defendant maintains that the plain language of the Act does not authorize the State to petition to detain defendants who were previously ordered released on monetary bail before the effective date of the Act, but remained detained because they failed to post bond. He further argues that even if the State was permitted to file a petition to detain, it was required to do so either without notice at a defendant's first appearance date or with notice within 21 calendar days after a defendant's arrest and release. 725 ILCS 5/110-6.1(c) (West 2022); *People v. Brown*, 2023 IL App (1st) 231890. The State responds that it was entitled to file a detention petition under the Act when the defendant elected to seek reconsideration of his pretrial conditions and that its petition was not untimely. *People v. Rogers*, 2023 IL App (1st) 231808-U, ¶¶ 16-19 (relying on *People v. Jones*, 2023 IL App (4th) 230837); *People v. Whitmore*, 2023 IL App (1st) 231807. These are issues of statutory interpretation which we review *de novo*. *Whitmore*, 2023 IL App (1st) 231807, ¶ 5.

¶ 19    Similar arguments have been raised and reviewed by this court. Although there is not uniformity in those decisions, we find most persuasive the line of cases which have held that the Act does not prevent the State from petitioning to detain a defendant where the court is hearing a petition by that defendant for release under section 110-7.5(b) (725 ILCS 5/110-7.5(b) (West 2022)). See, *e.g.*, *Whitmore*, 2023 IL App (1st) 231807; *Rogers*, 2023 IL App (1st) 231808-U; *People v Keys*, 2024 IL App (1st) 231880-U (finding that "the weight of authority provides that where the defendant argues that the trial court must reexamine continued detention under the Act for a defendant who has been unable to meet previously set monetary bail under the prior law, the

State may petition for detention."). But see *Brown*, 2023 IL App (1st) 231890 (where the court declined to follow *Whitmore* and found, pursuant to section 110-7.5(b), the defendant, who was granted conditional pretrial release before the Act went into effect and remained in detention, was entitled to have a review of his conditions for release, but the State's petition to detain was untimely under section 110-6(c)(1)).

¶ 20 We conclude that the State was permitted to file a responding petition for detention in cases such as the one at issue—where defendant was arrested and detained prior to the Act's effective date and remained in detention after monetary bail was set and seeks review of his bail status. Accordingly, because we have found the State was permitted to file a responding petition for detention and there was no issue as to timeliness under the circumstances, our plain error analysis need go no further. See *Jones*, 2023 IL App (4th) 230837, ¶ 24 (citing *People v. Hood*, 2016 IL 118581, ¶ 18). " 'Additionally, the absence of error nullifies any ineffective assistance of counsel argument because counsel's performance is not deficient for failing to raise a meritless issue.' " *Jones*, 2023 IL App (4th) 230837, ¶ 24 (citing *People v. Stone*, 2018 IL App (3d) 160171, ¶ 20).

¶ 21 Before addressing defendant's other arguments, we set forth the applicable legal framework.

¶ 22 Pursuant to article 110 of the Code, as amended, "[a]ll defendants shall be presumed eligible for pretrial release," and pretrial release may only be denied in certain specific situations. 725 ILCS 5/110-6.1 (West 2022). The State has the burden to prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful

flight from prosecution. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The Code provides a nonexclusive list of factors that the circuit court may consider when making a determination that the defendant poses a real and present threat to any person or the community, which include: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the Act. *Id.* 110-6.1(g).

¶ 23 Appeals of bail orders under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) have historically been reviewed using an abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9). While Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) provides a new procedure for these types of appeals considering the changes made to the Code by the Act, "the Act neither mandates nor suggests a different standard of review." *Inman*, 2023 IL App (4th) 230864, ¶ 11. There is some debate among the appellate districts concerning the appropriate standard of review with respect to appeals under Rule 604(h). See *People v. Herrera*, 2023 IL App (1st) 231801, ¶¶ 22-24 (observing split between districts regarding abuse of discretion and manifest weight of the evidence standard under the Act). While we would affirm under either standard, we conclude that a circuit court's ultimate decision to detain or not is subject to review for an abuse of discretion (*Inman*, 2023 IL

App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9)), while a circuit court's factual determinations are reviewed under the manifest weight standard (*People v. Rodriquez*, 2023 IL App (3d) 230450, ¶ 8; *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12).

¶ 24 An abuse of discretion occurs where the court's judgment is fanciful, arbitrary, or unreasonable, or where no reasonable person would agree with the court's position. *Simmons*, 2019 IL App (1st) 191253, ¶ 9. In conducting this review, we will not substitute the circuit court's factual and credibility findings with our own. *Inman*, 2023 IL App (4th) 230864, ¶ 11. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 25 In his notice of appeal, defendant contests that the proof was evident or the presumption great that he committed a detainable offense. Defendant does not address this issue in his memorandum or provide any support for his position. Defendant was charged with UUWF, which is a detainable offense. 725 ILCS 5/110-6.1(a)(6). The State proffered that during an investigation of an individual threatening people with a gun, the officers saw defendant with a gun as he was fleeing and saw him discard the gun, which was recovered at that spot. The State provided the court with defendant's criminal background which included felony convictions. Based on the State's proffer, the circuit court's finding that defendant committed, UUWF, a detainable offense was not against the manifest weight of the evidence.

¶ 26 We next consider defendant's arguments that the State failed to prove by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community and no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community

¶ 27 In its proffer, the State informed the circuit court that the charges stemmed from a complaint that an individual was threatening people with a gun. When officers arrived at the scene, they found defendant, who matched the description of the offender. Defendant fled from the officers, but during his flight, faced the approaching officers while holding a gun. Defendant threw the gun over a fence. The serial number of that firearm was defaced. The State provided the court with defendant's significant criminal background which included other gun charges, including a federal gun charge, as well as a domestic battery. Defendant was on supervised release on the federal charge when he committed the offenses here. His criminal history included an escape charge and nine bond forfeitures.

¶ 28 In mitigation, defense counsel argued that prior to his arrest defendant was employed and was working on starting a business. If he was released, he would be able to take care of his "aging" parents. Defense counsel further clarified that many of defendant's bond forfeitures were due to the fact that he was in custody in Indiana.

¶ 29 In granting the State's petition, the court addressed each of the factors required under the Act and found that the proof was evident and the presumption great that defendant was a threat to safety of any person or persons or the community because of the facts of the case where he brandished a firearm, threatening various persons. The proffer also showed that defendant, at first fled from police, but then showed the gun while running toward the approaching officers. Defendant had other charges related to guns and a domestic battery offense. The court further found that less restrictive conditions would not mitigate the threat because he had a history of bond forfeitures, some of which were triggered because he "went to Indiana and picked up a case there," while he was on bond in Illinois. The State's proffer included other evidence showing that conditions would not mitigate the threat to safety where defendant has an escape charge in his

background and was on federal supervised release for a gun charge when he committed the gun offense in this case.

¶ 30    Based on the proffered evidence, we cannot say that the circuit court's findings were against the manifest weight of the evidence. On appeal, defendant advances the same arguments as to the mitigating factors as he did in the circuit court. The circuit court considered those mitigating factors and found that the State satisfied its burden. On review, we do not reweigh such factors and substitute our own judgment for that of the circuit court. *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 24.

¶ 31    Defendant contends that the circuit court erred in ordering her detained where the State did not allege or proffer a risk of willful flight. We need not address this issue where the decision to detain defendant may be affirmed solely based on the risk to a person or persons or a community, as discussed above. See 725 ILCS 5/110-2(a), 110-6.1 (West 2022)

¶ 32    In that the circuit court's findings that defendant committed a detainable offense, poses a threat to the safety of the community, and less restrictive conditions would not avoid a real and present threat to the safety of the community and no conditions could mitigate that threat, we conclude that the circuit court did not abuse its discretion in ordering that defendant be detained.

¶ 33    For the foregoing reasons, we affirm the order of detention.

¶ 34    Affirmed.