2024 IL App (1st) 240890-U

FIRST DIVISION
July 15, 2024

No. 1-24-0890B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) )  | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 2023CR0965701 |
| JAMES TOLBERT, | ) ) | Honorable Kenneth J. Wadas, |
| Defendants-Appellant. | ) ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant-appellant James Tolbert (defendant) appeals from the circuit court's order granting the State's petition for revocation of his pretrial release pursuant to section 110-6 of the Code of Criminal Procedure of 1963 (Code), as recently amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6 (West 2022)), and commonly referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" or the

"Pretrial Fairness Act" (Act). See also Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, he contends that the trial court erred in its determination pursuant to the statute that no condition or combination of conditions would reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. For the following reasons, we affirm.

¶ 3                                      BACKGOUND

¶ 4      Defendant was initially charged with four counts of class-three felony retail theft and continuing financial crimes enterprise for a series of incidents that occurred between June and August 2023. Following the third incident of retail theft, defendant was arrested, appeared in court, and was released on bond. However, he failed to appear at his next court date and a warrant was issued. In August 2023, following the fourth retail theft incident, defendant was arrested again. This time, he appeared in bond court and was held in custody for his violation of the bail bond order. Following his September 2023 arraignment on these charges, defendant filed a petition to remove financial condition of pretrial release. The court granted his petition and released him, imposing the condition of a 7 p.m. to 7 a.m. curfew.

¶ 5      Subsequently, defendant was arrested three times for a new series of incidents that occurred between October 2023 and February 7, 2024, and resulted in him being charged with a total of 27 felony counts. The majority of the charges (20) involved felony retail thefts from Ulta Beauty, Macy's/Sunglass Hut, and Yeti retail stores; the remaining charges (7) involved two robbery charges, aggravated battery to a merchant, aggravated battery-great bodily harm, aggravated battery-permanent disability, aggravated battery on a public way, and continuing financial crimes enterprise (all related to these felony retail thefts). Defendant's first arrest with respect to this series of incidents took place at approximately 8:51 p.m. on February 7, 2024

during, and in violation of, the curfew period that had been set as his condition for pretrial release in the prior series of incidents. This arrest was related to an incident wherein it was alleged defendant stole six pairs of sunglasses at a Macy's store valued at $2,755. When two asset officers tried to stop him, he resisted and kicked one of them in the knee; defendant was later apprehended with the sunglasses, brass knuckles with a switchblade at the tip, and a credit card in someone else's name. Defendant's second arrest for incidents during this time period took place on February 8, 2024, the day after his first arrest and while he was in custody for the Macy's incident. In this arrest, it was alleged that he committed three felony thefts involving fragrances at Ulta Beauty between the dates of October 27 and November 7, 2023. Upon his second arrest, a sanctions hearing was had and, on February 21, 2024, the trial court ordered defendant be remanded for 30 days. He did not appeal that order.

¶ 6 Defendant was then arrested for the third time with respect to the October 2023-February 7, 2024 series of incidents on February 22, 2024, the day after the trial court's hearing and 30-day custody order. This arrest was based on the dates between November 26 and December 10, 2023 within that time period, wherein it was alleged that defendant robbed a Yeti retail store. In March 2024, the State filed a petition to revoke pretrial release, alleging defendant had been charged with additional crimes and that no condition or combination of conditions of release would reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor, pursuant to section 110-6 of the Act.

¶ 7 The trial court held a hearing on March 26, 2024. Defense counsel argued that the newly-charged crimes (Yeti) occurred prior to incidents already charged (Macy's) and no crimes had occurred since the sanctions hearing wherein the trial court remanded defendant to 30 days in custody. Counsel explained that defendant's newest case, though "newest in time coming into

the court system," "predate[d] many of his other cases" and, thus, this was "not a scenario wherein he was admonished and sanctioned and then committed another crime." Counsel then continued by arguing in mitigation that defendant is a 43-year-old life-long resident of Chicago with five daughters, is a primary caregiver of one of them, reportedly holds a bachelor's and master's degrees, works as a barber, and has a history of some mental health issues which required medication in the past but currently do not. Then, citing "the nonviolent nature" of his newest case, counsel requested electronic monitoring, as "[h]is release conditions on all of his other cases [were] either pretrial curfew with GPS and electronic device or *** EM [electronic monitoring]."

¶ 8    In response, the State began by noting for the court that defendant had, indeed, been charged with crimes of violence, including robbery and aggravated battery to a merchant. It then argued that revoking defendant's release was the only way to keep him from being arrested for additional felonies or Class A misdemeanors, citing that he had been arrested on a warrant for failure to appear back in August 2023 and had subsequently been arrested and charged with multiple additional felonies since his initial release with the condition of curfew, which he violated in February 2024 when arrested, again, for felony retail theft. It also pointed out that electronic monitoring had not been successful in the past with this defendant.

¶ 9    At the close of the hearing, the court found that because defendant was "charged with a new felony" "while on pretrial release for a felony or Class A misdemeanor," there was clear and convincing evidence that no condition or combination of conditions of release would reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. Accordingly, it revoked his pretrial release and remanded him into custody.

¶ 10                                    ANALYSIS

¶ 11   Initially, defendant has elected to not file a memorandum in this appeal. See Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023) (stating that "[t]he appellant may file, but is not required to file, a memorandum not exceeding 4500 words, within 21 days of filing of the Rule 328 supporting record"). Instead, he used the template approved for appeals brought under Rule 604(h); he checked only the box on the six-page form notice of appeal alleging the trial court erred in its determination that no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. In an attachment, he argued (just as below) that he was not accused of committing any new crimes since the trial court sanctioned him on February 21 for his February 7 and 8 arrests (the Macy's and Ulta incidents) and, thus, as his newest charges "*pre-date* the charges" for which he was sanctioned, he should have been released after serving his 30-day sanction. (Emphasis in original.) He also asserts that his newest charges are merely "non-violent theft-related charges" not warranting detention.

¶ 12   Of note, defendant makes no challenged that the State failed to meet its burden under the Act in prosecuting for revocation here. Instead, and again, he asserts error only as to the trial court's determination that no condition or combination of conditions would reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. We review a trial court's determination of a defendant's eligibility for pretrial release, particularly one based primarily on the facts before it, for an abuse of discretion. See *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18; *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9).[1] An abuse of discretion occurs only when the decision of the

_____

[1] Different standards of review have been applied to pretrial detention orders upon review. See, *e.g.*, *Whitmore*, 2023 IL App (1st) 231807, ¶ 18 (applying abuse of discretion); *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 29 (applying manifest weight); *People v. Sorrentino*, 2024 IL App (1st) 232363, ¶ 34

trial court is arbitrary, fanciful or unreasonable, or when no reasonable person would agree with the position adopted by that court. See *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 13    We disagree with defendant's assertions and hold that the record before us does not show that the trial court's denial of pretrial release amounted to an abuse of discretion.

¶ 14    First, in briefly addressing defendant's latter claim that his newest charges are merely "non-violent theft-related charges" not warranting detention, we note, in direct contradiction to this, that the newest charges against him—those related to the incident at the Yeti store which resulted in his third arrest—alleged, in addition to five felony retail theft charges, that he also committed robbery. Clearly, with this robbery charge, these newest charges comprise more than his diminutive characterization of them as merely "non-violent theft-related charges." On this point, defendant assertion is off-target.

¶ 15    More significantly, with respect to his primary claim that his newest charges predate those for which he was already sanctioned and, thus, since he has not committed any more crimes, he should not have been detained, we turn to section 110-6 of the Act, which is at play here. Section 110-6(a) states, in relevant part:

> "[w]hen a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022).

In conjunction, section 110-6(e) states:

---

(using a two-tiered approach). While we subscribe to abuse of discretion, our conclusion herein would be the same under any of these standards.

"During the hearing for sanctions, * * * [t]he State shall bear the burden of proving by clear and convincing evidence that: (1) the defendant committed an act that violated a term of the defendant's pretrial release; (2) the defendant has actual knowledge that the defendant's action would violate a court order; (3) the violation of the court order was willful; and (4) the violation was not caused by a lack of access to financial monetary resources." 725 ILCS 5/110-6(e) (West 2022).

Nothing in section 110-6 of the Act imposes a timing requirement that suggests it operates to revoke release only when a defendant commits a crime, is sanctioned, and then subsequently commits another crime. And, defendant does not point us to any such timing requirement. Rather, this part of the Act plainly states that if a defendant is granted pretrial release for a felony or Class A misdemeanor, that release can be revoked if he is charged with a felony or Class A misdemeanor that is alleged to have occurred during his pretrial release, in violation of a term of that release. 725 ILCS 5/110-6(a), (e) (West 2024).

¶ 16　　In the instant cause, defendant was arrested three times and charged with 27 felony counts for incidents during the extended period between October 2023 and February 7, 2024. His first arrest (Macy's) took place on February 7 at approximately 8:51 p.m. The record shows that at the time of this arrest, defendant was on pretrial release with the condition of a 7 a.m. to 7 p.m. curfew in connection with four counts of class-three felony retail theft and continuing financial crimes enterprise from June-August 2023. Clearly, then, from this first arrest for the October 2023 to February 2024 period, defendant was in violation of his pretrial release.

¶ 17　　What is more, while the third arrest (the incidents at Yeti) occurred on February 22, 2024, the day after defendant received the 30-day sanction, that crime was charged as having taken place sometime between November 26 and December 10—after the Ulta incidents (October 27

to November 7) but before the Macy's incident (February 7)—again, while defendant was on pretrial release with the condition of curfew. The crimes alleged against him do not disappear simply because they were charged out of time-sequence of their occurrence. That is not the language of section 110-6 and, without more, we will not read it in that vein.

¶ 18    In sum, we find no abuse of discretion on the part of the trial court in denying pretrial release here. Defendant was originally arrested for felony retail theft and was released on bond, but failed to appear and was then issued a warrant. He was released on curfew after the court took a chance on him and granted his motion to remove the financial condition of pretrial release. However, he went on to violate this by racking up what eventually turned into some 27 new felony charges spanning a period of October 2023 to February 7, 2024, which saw incidents at three separate retail stores and involved not only felony retail theft, but also the more concerning, and more violent, crimes of robbery and aggravated battery to a merchant. Based on this record before us, which demonstrates repeated and an increasing level of crimes on defendant's part, we hold that the trial court properly concluded in its discretion that no condition or combination of conditions would reasonably prevent him from being charged with a subsequent felony or class A misdemeanor, pursuant to the Act.

## CONCLUSION

¶ 19    Accordingly, for the foregoing reasons, we affirm the order of the circuit court of Cook County denying pretrial release.

¶ 20    Affirmed.