2024 IL App (2d) 240443-U
No. 2-24-0443
Order filed October 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1554 |
| AALIM N. HARTLINE, | ) ) | Honorable Donald Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err when it granted the State's petition for pretrial detention where the defendant repeatedly possessed weapons illegally.

¶ 2     The defendant, Aalim N. Hartline, appeals from the trial court's order granting the State's petition to deny him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of P.A. 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On July 20, 2024, the defendant was charged with six counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2024)) (class 2 felony); two counts of unlawful possession of a firearm by a street gang member (*id.* § 24-1.8(a)(2)) (class 2 felony); two counts of unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)) (class 3 felony); and two counts of possession of a firearm while the defendant was not eligible for a firearm owner's identification card (FOID card) (430 ILCS 65/2(a)(1) (West 2022)) (class 3 felony).

¶ 5     That same day, the Stated filed a petition to detain the defendant. 725 ILCS 5/110-6.1 (West 2022). The State alleged that there was probable cause to show that the defendant committed the alleged offenses and that his pretrial release posed a real and present threat to the safety of any person or persons or the community. As additional grounds to deny pretrial release, the Stated noted the defendant's criminal history, which included a 2023 conviction for aggravated unlawful use of a weapon that resulted in one year of incarceration and a 2021 robbery conviction for which the defendant spent 24 months in juvenile detention.

¶ 6     On July 21, 2024, a hearing was held on the State's petition. The State tendered the police synopsis. The synopsis indicated that, on July 19, 2024, the police were conducting surveillance at a certain address in search of suspects related to previous criminal activity. The police observed a vehicle leaving the target address with three occupants. Prior to the vehicle leaving the area, the police identified and had probable cause to arrest two occupants of the vehicle, Adrian Martin and Deshan Martin. The police followed the vehicle and initiated a traffic stop after observing some traffic violations. All three occupants were placed under arrest. The officers located a weapon in Deshan's front pocket. During a search of the vehicle, the police found a backpack in the trunk containing two handguns with extended magazines, both loaded with live ammunition. Both

firearms appeared to be ghost guns[1] and did not have serial numbers. The backpack also contained a black leather wallet with multiple identification documents belonging to the defendant.

¶ 7    The State argued that there was clear and convincing evidence that the defendant committed the alleged offenses and that he posed a real and present threat to the safety of the community because a backpack with his identification also contained two loaded weapons. Furthermore, the State noted that the defendant had recently been released after serving a one-year sentence for aggravated unlawful possession of a firearm. The defendant had also been adjudicated for robbery when he was a juvenile. The State argued that, because the defendant had committed the present offenses after just serving his sentence for a previous weapons offense, this indicated that there were no conditions that could mitigate the threat the defendant posed to the community.

¶ 8    The defendant argued that he worked full-time and that he helped support his mother. He was also planning to attend community college to study carpentry. The defendant argued that there was not sufficient evidence that he committed the alleged offenses as there was no indication where the occupants were seated in the vehicle or where his wallet was found in the backpack. There was also no indication as to the specific identification documents that were found. Further, the defendant was not seen with the weapon and there was no evidence that it was ever used. The defendant acknowledged his previous weapons offense, but noted that he had successfully completed his term of mandatory supervised release (MSR). Finally, the defendant argued that there were conditions that could mitigate his threat such as ordering him not to possess weapons and to stay away from the Martins.

---

[1]"According to the Bureau of Alcohol, Tobacco, Firearms and Explosives, 'ghost guns' are homemade firearms without serial numbers, making them more difficult for police to trace." *People v. Davis*, 2023 IL App (1st) 231856, n. 2 (internal citations omitted).

¶ 9    Following arguments, the trial court granted the State's petition. The trial court found that there was sufficient evidence that the defendant committed the alleged offenses. As to dangerousness, the trial court stated that there was a reason that the legislature did not allow minors to have guns and not to have loaded guns in a vehicle. The trial court found these factors, along with the defendant's criminal history, to support a finding that the defendant was a threat to the community. The trial court noted that the defendant went to prison as a very young man and when he was barely off MSR, he was in a car with a backpack in the trunk that contained two ghost guns, which lack serial numbers and do not require a background check. Finally, the trial court found that there were no conditions of release that could mitigate the defendant's threat to the community. The defendant was already incarcerated for illegally possessing a gun and, after his release, he once again illegally possessed two guns. The trial court found that monitoring would not prevent the defendant from possessing weapons. After the trial court denied his motion for relief, the defendant filed a timely appeal.

¶ 10                                   II. ANALYSIS

¶ 11    In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq.* Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 12    Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the

community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question \*\*\*." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 13 We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the trial court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 14 The defendant's first contention on appeal is that the State failed to present clear and convincing evidence that the defendant was a danger to the community. When making a dangerousness finding, the Code sets forth several non-exhaustive factors that a court may consider, including the nature of the offense, the history and characteristics of the defendant, and "any other factors." 725 ILCS 5/110-6.1(g) (West 2022).

¶ 15 The defendant argues that the trial court's dangerousness determination was erroneous because it was based solely on the nature of the charges, citing *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18 (the inherent danger in the charged offenses is insufficient to rebut the presumption of pretrial release). The record refutes the defendant's contention. The record shows that, in

addition to the nature of the charges, the trial court also considered the defendant's criminal history and that, at the time of the alleged offense, the defendant had recently completed MSR for another weapons offense. The defendant argues he was not dangerous because there was no evidence that the weapons were ever fired or used to threaten anyone. While we acknowledge that there is no evidence indicating the weapons were used, this does not diminish the fact that the defendant possessed two loaded firearms with extended magazines, which is inherently dangerous. *People v. Ross*, 229 Ill. 2d 255, 275 (2008) (explaining that "loaded guns" are part of a category of weapons that are "dangerous *per se*"); see also *People v. Lee*, 2024 IL App (1st) 232137, ¶ 27 (noting "the inherent dangerousness of firearms, particularly when they are in the possession of those who have been prohibited from possessing them.").

¶ 16 The defendant also argues that other statutory factors weighed in his favor, such as his lack of a violent criminal history and that he was not on MSR at the time of the present charges. The defendant is essentially asking us to reweigh the statutory factors, this we cannot do. *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 24 ("Nothing in the Code authorizes a reviewing court to reweigh the factors at play."). Accordingly, under the circumstances in this case, we cannot say that the trial court's dangerousness finding was against the manifest weight of the evidence.

¶ 17 Finally, the defendant argues that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat he posed to the community. Where the trial court finds that the State proved a valid threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a)(1)-(6) (West 2022). In reaching its determination, the trial court must consider:

(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the threat the defendant poses to any person or the community. *Id.*

¶ 18    The defendant argues that the trial court abused its discretion by merely stating that no conditions of release could ensure that the defendant would not possess a weapon, without providing a detailed rationale for why less restrictive conditions would be insufficient. However, the record contradicts this contention. The trial court explained that less restrictive conditions, such as monitoring, could not prevent the defendant from acquiring a loaded ghost gun—an unregistered firearm devoid of a serial number, the sale of which bypasses background checks. While the defendant argues that his successful completion of MSR demonstrated that he was able to comply with court orders, it is essential to note that he is a convicted felon who was fully aware that he was not allowed to possess a weapon. Despite this, he was found in possession of two loaded ghost guns with extended magazines. These firearms are specifically designed "to avoid compliance with the rules" and "avoid surveillance and avoid notice by law enforcement." *People v. Davis*, 2023 IL App (1st) 231856, ¶ 27. Considering the defendant's history of gun possession and demonstrated ability and willingness to obtain weapons when not permitted, the trial court did not err in finding that no conditions of release could mitigate the defendant's threat of danger.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 21    Affirmed.