2025 IL App (1st) 240207-UB
No. 1-24-0207B
Order filed May 16, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 0215301 |
| | ) | |
| DATAVEON WATSON | ) | The Honorable |
| | ) | Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed, where the amended Code did not prohibit the State from petitioning to detain defendant who sought to remove condition that he pay monetary bail.

¶ 2    This appeal asks whether the State may petition to detain a defendant who seeks to remove the condition that they pay monetary bail. We previously held that the State may not because doing so ignored the deadline to petition under the amended Code of Criminal Procedure, commonly known as the Pretrial Fairness Act. *People v. Watson*, 2024 IL App (1st) 240207-U, ¶ 25. But the supreme court has since approved the practice, holding that the General Assembly had "declined

to prohibit" it. *People v. Watkins-Romaine*, 2025 IL 130618, ¶ 45; see *Watson*, 2024 IL App (1st) 240207-U, ¶ 41-42 (Tailor, J., dissenting). We now affirm.

¶ 3                                    Background

¶ 4     This prosecution began before the Pretrial Fairness Act took effect and eliminated cash bail. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52. The trial court had imposed on Dataveon Watson cash bail and, if paid, electronic monitoring. Watson petitioned under the new law to remove the requirement that he deposit bail to secure pretrial release (725 ILCS 5/110-7.5(b) (West 2022)). In response, the State petitioned to deny him pretrial release (*id.* § 110-6.1(a)). At a hearing, the trial court granted the parties leave to file their petitions and ordered Watson detained.

¶ 5                                    Hearing

¶ 6     Both parties announced ready, but Watson objected to litigating the State's petition to detain, which counsel contended was not timely. The State replied that recent caselaw from this court interpreted the Code as amended by the Pretrial Fairness Act as permitting the State to petition to detain within 21 days of receiving notice that a defendant wants to litigate any other issue under the new law.

¶ 7     The trial court overruled Watson's objection, concluding one of those recent decisions was "controlling." See *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 16 (holding State may petition to deny pretrial release after defendant moves for relief from financial conditions pretrial release). Because the State petitioned to detain Watson within 21 days after receiving notice of Watson's filing, the State's petition was timely.

¶ 8     The trial court then held a hearing on the State's petition to detain. Watson stood accused of a detainable offense, being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)).

725 ILCS 5/110-6.1(a)(6)(D) (West 2022). After hearing the parties' proffers, the trial court found: (i) the proof was evident or the presumption great that Watson committed the offense; (ii) Watson posed a real and present threat to the safety of any person or persons or the community; and (iii) no condition or combination of conditions could mitigate that threat. *id.* § 110-6.1(e). The trial court entered a written order summarizing its findings.

¶ 9    The trial court did not hold a hearing on Watson's petition to remove the requirement to deposit bail to secure pretrial release (*id.* § 110-7.5(b)). Nor did the trial court mention Watson's petition in its oral pronouncement granting the State's petition. Yet the common law record contains a written notation asserting Watson's petition was "denied."

¶ 10    On appeal, Watson contended the State's petition was not timely under the amended Code. A divided panel of this court agreed. *Watson*, 2024 IL App (1st) 240207-U, ¶¶ 17, 25. But the supreme court vacated our judgment and ordered us to reconsider consistent with its recent decision, *People v. Watkins-Romaine*, 2025 IL 130618.

¶ 11                                    Analysis

¶ 12    Watson argues the State's petition to detain was not timely under the amended Code. After considering the supreme court's decision in *Watkins-Romaine*, we disagree.

¶ 13    We review *de novo* the timeliness of the State's petition to detain. *People v. Taylor*, 2023 IL 128316, ¶ 45 (reviewing *de novo* issue of statutory construction). We view the amended Code as a whole and read challenged provisions in harmony with other relevant parts. *People v. Clark*, 2024 IL 130364, ¶ 15. Our "fundamental objective" is to "ascertain and give effect to the legislature's intent." *Taylor*, 2023 IL 128316, ¶ 45.

¶ 14    Section 110-6.1(c) of the amended Code dictates two deadlines for the State to petition for pretrial detention. The State may file: (i) at the defendant's first appearance before a judge without notice to the defendant or (ii) within 21 calendar days after the defendant was arrested and released, with reasonable notice to the defendant. 725 ILCS 5/110-6.1(c)(1) (West 2022). But this provision does not further limit the State. *Watkins-Romaine*, 2025 IL 130618, ¶ 45 (concluding "the legislature has sanctioned, or at least declined to prohibit," the State from petitioning to detain defendant who seeks remove condition of paying monetary bail).

¶ 15    In *Watkins-Romaine*, the supreme court reached this conclusion by examining other provisions of the amended Code. The supreme court observed that the new law permits those like Watson to petition to remove the requirement they deposit bail to secure pretrial release. *Id.* ¶ 37 (citing 725 ILCS 5/110-7.5(b) (West 2022)). But to resolve that petition, the trial court must hold a hearing to determine whether the conditions of release should apply. *Id.* ¶ 40 (citing 725 ILCS 5/110-5(e) (West 2022)). And at that hearing, the amended Code required the trial court to "reopen" the question about "which conditions of pretrial release, if any," would ensure the petitioner's appearance. *Id.* (citing 725 ILCS 5/110-5(a), (e) (West 2022)).

¶ 16    These other provisions do not permit the State to petition to detain. See generally *People v. Shunick*, 2024 IL 129244, ¶ 76 (noting "the lack of language prohibiting a remand is not the equivalent of permitting a remand"). But the supreme court has found that they leave a "gap" within the amended Code's structure. *Watkins-Romaine*, 2025 IL 130618, ¶ 43. To fill that gap, the supreme court has held that the State may respond at a section 110-5(e) hearing, otherwise focused on removing any condition that a defendant pay monetary bail, by petitioning to detain that person. *Id.* ¶¶ 39, 43, 45.

¶ 17    Here, as in *Watkins-Romaine*, Watson petitioned under the new law to remove the requirement that he deposit bail to secure pretrial release. 725 ILCS 5/110-7.5(b) (West 2022). And in response, the State petitioned to deny him pretrial release (*id.* § 110-6.1(a)), which the trial court adopted. Because the General Assembly "has sanctioned, or at least declined to prohibit," the State from petitioning to detain at a section 110-5(e) hearing, the amended Code's timelines did not bar the State from petitioning to detain Watson. See *Watkins-Romaine*, 2025 IL 130618, ¶ 45.

¶ 18                                    Conclusion

¶ 19    The State, like any other litigant, must meet its deadlines under the law. But the amended Code's new deadlines do not apply here.

¶ 20    Affirmed.